C94WglaP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                          11 CR 1068 (PKC)

5  LEIB GLANZ and MENASHE GLANZ,

6            Defendants.

7  ------------------------------x

8                                   New York, N.Y.
                                    September 4, 2012
9                                   2:30 p.m.

10

   Before:
11
                    HON. P. KEVIN CASTEL,
12
                                    District Judge
13

14
                         APPEARANCES
15
   PREET BHARARA
16      United States Attorney for the
        Southern District of New York
17 JUSTIN A. ANDERSON
        Assistant United States Attorney
18
   COVINGTON & BURLING LLP
19      Attorneys for Defendant L. Glanz
   ALAN M. VINEGRAD
20 MARI K. BONTHUIS

21

   STILLMAN & FRIEDMAN, P.C.
22      Attorneys for Defendant M. Glanz
   MARJORIE J. PIERCE

23

24

25

1      (Case called)

2      MR. ANDERSON:  Good afternoon, your Honor.  Justin

3 Anderson, for the government.

4      THE COURT:  Good afternoon, Mr. Anderson.

5      MR. VINEGRAD:  Alan Vinegrad and Mari Bonthuis, for

6 Mr. Leib Glanz.

7      MS. PIERCE:  Good afternoon, your Honor.  Marjorie

8 Pierce, for Menashe Glanz.  Charles Stillman sends his

9 apologies, but he just finished a long trial.

10      THE COURT:  I understand.  Always good to see you, Ms.

11 Pierce.

12      MS. PIERCE:  Thank you.

13      THE COURT:  Let me hear from the government.  I take

14 it that in the case of one defendant, there will be a plea to a

15 misdemeanor.  That's Leib Glanz.  What about in the case of

16 Menashe Glanz?

17      MR. ANDERSON:  Yes.  The government expects there will

18 be a plea from Leib Glanz to the superseding misdemeanor, and

19 his codefendant, Menashe, will plead to count two of the

20 indictment.

21      MS. PIERCE:  That's correct, your Honor.

22      THE COURT:  Is that correct, Mr. Vinegrad?

23      MR. VINEGRAD:  Yes, it is.

24      THE COURT:  Leib Glanz and Menashe Glanz, before I

25 accept guilty pleas from you, I must satisfy myself that you

1    understand the rights you would have if this case went to

2    trial, the rights you are giving up by pleading guilty, that

3    there's a factual basis for your plea of guilty, and that you

4    understand the consequences of pleading guilty.  So, in a

5    moment, I am going to have the clerk administer the oath or

6    affirmation to you.  You may affirm, if you choose, that your

7    statements are true under penalty of perjury.

8           If I ask you something today or I tell you something

9    today and you don't quite understand what I meant, the job is

10    on you to tell me that you didn't understand it, in which event

11    I will put it into different words.  Also, if at any time you

12    wish to consult in private with your lawyer, I'll give you an

13    opportunity to do that.

14           Do you understand, Mr. Leib Glanz?

15           DEFENDANT L. GLANZ:  Yes, sir.

16           THE COURT:  Do you understand, Mr. Menashe Glanz?

17           DEFENDANT M. GLANZ:  Yes.

18           THE COURT:  Please stand and the clerk will administer

19    the oath.

20           THE DEPUTY CLERK:  Raise your right hand.

21           (Defendants affirmed)

22           THE COURT:  Please be seated.

23           You are now under oath and your answers to my

24    questions are subject to the penalties of perjury or making a

25    false statement if you do not answer truthfully.  Also,

1       anything you say today can be used in such a prosecution.

2               Do you understand that?

3               DEFENDANT L. GLANZ:  Yes.

4               THE COURT:  Do you understand?

5               DEFENDANT M. GLANZ:  Yes, your Honor.

6               THE COURT:  Let me begin with Leib Glanz.  Please

7       state your full name for the record.

8               DEFENDANT L. GLANZ:  Leib Glanz.

9               THE COURT:  How old are you, sir?

10              DEFENDANT L. GLANZ:  56.  Actually, 55.  I'm sorry.

11              THE COURT:  How far did you go in school?

12              DEFENDANT L. GLANZ:  I graduated high school and then

13      I graduated the rabbinical college.

14              THE COURT:  Are you now or have you recently been

15      under the care of a medical doctor?

16              DEFENDANT L. GLANZ:  I have a medical doctor that I

17      go, that I see.

18              THE COURT:  Do you have any conditions that are being

19      treated by that medical doctor?

20              DEFENDANT L. GLANZ:  I have a little bit high sugar

21      lately.  So I'm going to him.

22              THE COURT:  Do you take any medications?

23              DEFENDANT L. GLANZ:  Yes.  I take some medication for

24      that.

25              THE COURT:  What kind of medication do you take?

C94WglaP

1          DEFENDANT L. GLANZ:  I don't know the name.

2          THE COURT:  For what condition are you taking the

3  medication?

4          DEFENDANT L. GLANZ:  It's just to control the sugar.

5  It's not a strong medication, just a minimal amount of the

6  medication for the sugar.

7          THE COURT:  Have you ever been treated for a mental

8  illness?

9          DEFENDANT L. GLANZ:  No.

10          THE COURT:  Have you ever been addicted to any

11  substance, whether it's prescription medications, alcohol, any

12  substance?

13          DEFENDANT L. GLANZ:  No.

14          THE COURT:  How do you feel today?

15          DEFENDANT L. GLANZ:  Fine.

16          THE COURT:  Is your mind clear?

17          DEFENDANT L. GLANZ:  Yes.

18          THE COURT:  Do you understand what's happening?

19          DEFENDANT L. GLANZ:  Yes.

20          THE COURT:  Let me hear from Mr. Menashe Glanz.

21  Please state your full name for the record.

22          DEFENDANT M. GLANZ:  Menashe Glanz.

23          THE COURT:  How old are you?

24          DEFENDANT M. GLANZ:  50.

25          THE COURT:  How far did you go in school?

1          DEFENDANT M. GLANZ:  Rabbinical college.

2          THE COURT:  So you graduated high school?

3          DEFENDANT M. GLANZ:  Yes.

4          THE COURT:  For how many years did you go to

5     rabbinical college?

6          DEFENDANT M. GLANZ:  About six years.

7          THE COURT:  Are you now or have you recently been

8     under the care of a medical doctor?

9          DEFENDANT M. GLANZ:  Yes.

10          THE COURT:  For what condition?

11          DEFENDANT M. GLANZ:  Hypertension.

12          THE COURT:  Are you taking any medications?

13          DEFENDANT M. GLANZ:  Yes.

14          THE COURT:  What type of medications?

15          DEFENDANT M. GLANZ:  Micardis, spironolactone,

16     felodipine.

17          THE COURT:  Let me hear the third one.

18          DEFENDANT M. GLANZ:  Felodipine.  Three medications.

19          THE COURT:  All three of them are for hypertension?

20          DEFENDANT M. GLANZ:  Yes.

21          THE COURT:  Have you ever been treated for a mental

22     illness?

23          DEFENDANT M. GLANZ:  Yes.

24          THE COURT:  And did you receive any kind of a

25     diagnosis?

C94WglaP

1          DEFENDANT M. GLANZ:  I don't remember exactly.  I was

2    hospitalized.

3          THE COURT:  How long ago was that?

4          DEFENDANT M. GLANZ:  Over ten years.

5          THE COURT:  Do you take any medications for that

6    condition?

7          DEFENDANT M. GLANZ:  No.

8          THE COURT:  When was the last time you were seen by a

9    mental health professional?

10          DEFENDANT M. GLANZ:  Never since then.

11          THE COURT:  All right.  Have you ever been addicted to

12    prescription medications, alcohol, any kind of drugs, any kind

13    of a substance?

14          DEFENDANT M. GLANZ:  No.

15          THE COURT:  How do you feel today?

16          DEFENDANT M. GLANZ:  Fine.

17          THE COURT:  Is your mind clear?

18          DEFENDANT M. GLANZ:  Yes.

19          THE COURT:  Do you understand what's happening?

20          DEFENDANT M. GLANZ:  Yes.

21          THE COURT:  Mr. Vinegrad, any doubt as to your

22    client's competence to plead?

23          MR. VINEGRAD:  No, your Honor.

24          THE COURT:  Same question, Ms. Pierce.

25          MS. PIERCE:  No, your Honor.

C94WglaP

1          THE COURT:  Based upon my observations and hearing the

2     responses to my questions, I find that both defendants are

3     fully competent to enter an informed plea.

4          Mr. Leib Glanz, have you in fact discussed the charges

5     against you, which are set forth in a misdemeanor information

6     filed under docket No. S1 11 CR 1068, with your lawyer,

7     Mr. Vinegrad?

8          DEFENDANT L. GLANZ:  Yes, I did.

9          THE COURT:  All right.  If you would like, I would

10    read the text of the misdemeanor information to you, unless you

11    would like to waive that reading.

12          MR. VINEGRAD:  We waive it.

13          THE COURT:  All right.  Have you had enough time,

14    Mr. Glanz, to consider all of your options in this case?

15          DEFENDANT L. GLANZ:  Yes, I did.

16          THE COURT:  Are you satisfied with your lawyer's

17    representation of you?

18          DEFENDANT L. GLANZ:  Yes, I am.

19          THE COURT:  Mr. Menashe Glanz, have you in fact

20    discussed the charges against you with your lawyer, Ms. Pierce,

21    and also with Mr. Stillman?

22          DEFENDANT M. GLANZ:  Yes.

23          THE COURT:  Have you had enough time to consider all

24    of your options in this case?

25          DEFENDANT M. GLANZ:  Yes.

1        THE COURT:  Are you satisfied with your lawyer's

2   representation of you?

3        DEFENDANT M. GLANZ:  Yes.

4        THE COURT:  All right.  I'm now going to explain to

5   you certain rights that each of you would have if the case went

6   to trial and rights you would be giving up by pleading guilty.

7        Under the Constitution and laws of the United States,

8   you're entitled to a speedy and public trial on the charges

9   contained in the charging document, which, in the case of Leib

10  Glanz, is the misdemeanor information, in the case of

11  Mr. Menashe Glanz, is the indictment.

12        Do you understand all of that?

13        DEFENDANT L. GLANZ:  Yes.

14        DEFENDANT M. GLANZ:  Yes.

15        THE COURT:  If there were a trial, you would not have

16  to prove that you were innocent; the government would be

17  required to prove each element of each crime by proof beyond a

18  reasonable doubt.  You would be presumed to be innocent.  If

19  there were a trial, before you could be found guilty, a jury of

20  12 people would have to agree unanimously that you were guilty.

21        Do you understand all of that?

22        DEFENDANT L. GLANZ:  Yes.

23        DEFENDANT M. GLANZ:  Yes.

24        THE COURT:  If there were a trial, at every stage of

25  your case, you would be entitled to be represented by a lawyer,

1  and, if you could not afford a lawyer, one would be appointed

2  at public expense.

3          Do you understand all of that?

4          DEFENDANT L. GLANZ:  Yes.

5          DEFENDANT M. GLANZ:  Yes.

6          THE COURT:  If there were a trial, the witnesses for

7  the government would have to come to court to testify.  You

8  would be able to see and hear them, confront them, and your

9  lawyer could question them through cross-examination.  Your

10  lawyer would have the right to object to evidence offered by

11  the government.  Your lawyer would be able to present evidence

12  and ask the government to compel witnesses to appear at trial

13  on your behalf.

14          Do you understand all that?

15          DEFENDANT L. GLANZ:  Yes.

16          DEFENDANT M. GLANZ:  Yes.

17          THE COURT:  If there were a trial, you would have the

18  right to testify if you chose to do so.  You could come up here

19  to take the witness stand.  Also, you would have the right not

20  to testify, and no one would be permitted to draw any inference

21  or suggestion of guilt from the fact that you decided not to

22  testify.

23          Do you understand all of that?

24          DEFENDANT L. GLANZ:  Yes.

25          DEFENDANT M. GLANZ:  Yes.

C94WglaP

1          THE COURT:  Now if there were a trial and the jury

2     found you guilty, you would have the right to appeal that

3     finding.

4          Do you understand that?

5          DEFENDANT L. GLANZ:  Yes.

6          DEFENDANT M. GLANZ:  Yes.

7          THE COURT:  Those are the rights you would have if you

8     went to trial.  If I accept the plea of guilty from you, there

9     will be no trial.  You will proceed to the sentencing phase in

10    which I will decide on the punishment to be imposed on you.

11         Do you understand all that?

12         DEFENDANT L. GLANZ:  Yes.

13         DEFENDANT M. GLANZ:  Yes.

14         THE COURT:  Even now you have the right to change your

15    mind instead of pleading guilty; you may plead not guilty and

16    go to trial.

17         Mr. Leib Glanz, do you wish to plead not guilty and go

18    to trial?

19         DEFENDANT L. GLANZ:  No.

20         THE COURT:  Same question, Mr. Menashe Glanz.

21         DEFENDANT M. GLANZ:  No.

22         THE COURT:  All right.  Mr. Leib Glanz, do you

23    understand that you are charged with making false statements to

24    the Department of Housing and Urban Development with an intent

25    to defraud?

C94WglaP

| | |
|---|---|
| 1 | Do you understand that? |
| 2 | DEFENDANT L. GLANZ:  Yes. |
| 3 | THE COURT:  Do you understand that that crime carries |
| 4 | a maximum sentence of one year of imprisonment, a maximum term |
| 5 | of supervised release of one year, a maximum fine of the |
| 6 | greatest of $100,000, twice the gross pecuniary or monetary |
| 7 | gain derived from the offense, or twice the gross pecuniary |
| 8 | loss to a person other than yourself as a result of the |
| 9 | offense, and a $25 special assessment? |
| 10 | Do you understand all of that? |
| 11 | DEFENDANT L. GLANZ:  Yes. |
| 12 | THE COURT:  In addition to the foregoing, the Court |
| 13 | must order restitution to any victims of your crime. |
| 14 | Do you understand that? |
| 15 | DEFENDANT L. GLANZ:  Yes. |
| 16 | THE COURT:  All right.  Is the government seeking |
| 17 | forfeiture as to Leib Glanz? |
| 18 | MR. ANDERSON:  No, your Honor. |
| 19 | THE COURT:  Mr. Menashe Glanz, do you understand that |
| 20 | in count two, you are charged with theft of government funds? |
| 21 | Do you understand that? |
| 22 | DEFENDANT M. GLANZ:  Yes. |
| 23 | THE COURT:  Do you understand that's charging you with |
| 24 | stealing? |
| 25 | DEFENDANT M. GLANZ:  Yes. |

C94WglaP

1        THE COURT:  Do you understand that that crime carries

2   a maximum term of ten years' imprisonment, a maximum term of

3   supervised release of three years, a maximum fine of the

4   greatest of $250,000, twice the gross pecuniary gain derived

5   from the offense, or twice the gross pecuniary loss to persons

6   other than yourself as a result of the offense, and a mandatory

7   $100 special assessment?

8        Do you understand all that?

9        DEFENDANT M. GLANZ:  Yes.

10       THE COURT:  Do you understand that in addition to all

11  of that, the Court must order that you make restitution to the

12  victims of your crime?

13       Do you understand that?

14       DEFENDANT M. GLANZ:  Yes.

15       THE COURT:  And do you understand that the government

16  is seeking forfeiture against you in this case?

17       DEFENDANT M. GLANZ:  Yes.

18       THE COURT:  Ms. Pierce, is it your client's intention

19  to admit the forfeiture allegations in the indictment today?

20       MS. PIERCE:  It is, your Honor.  It is our

21  expectation, as is set forth in the plea agreement, that the

22  government will be requesting or recommending that the

23  Department of Justice apply its restoration policy so that

24  funds paid in forfeiture will be applied to restitution.

25       THE COURT:  All right.  I take it you have consented

C94WglaP

1    to this proposed consent order of forfeiture.

2              MS. PIERCE:  We have, your Honor.

3              THE COURT:  Mr. Leib Glanz, are you a United States

4    citizen?

5              DEFENDANT L. GLANZ:  Yes.

6              THE COURT:  Same question, Mr. Menashe Glanz.

7              DEFENDANT M. GLANZ:  Yes.

8              THE COURT:  By pleading guilty, you are giving up

9    other valuable civil rights, such as the right to vote, to hold

10   public office, sit on a jury, to hold certain licenses, to

11   possess a firearm, and to receive government benefits.

12             Do you understand all that, Leib Glanz?

13             DEFENDANT L. GLANZ:  Yes.

14             THE COURT:  Do you understand that, Menashe Glanz?

15             DEFENDANT M. GLANZ:  Yes.

16             THE COURT:  All right.  Are you serving any other

17   sentence, state or federal, or being prosecuted in any other

18   court for a crime?

19             DEFENDANT L. GLANZ:  No.

20             DEFENDANT M. GLANZ:  No.

21             THE COURT:  In sentencing you, I will receive a

22   presentence report prepared by probation that gives me

23   background information and a recommended range of sentence

24   under the Sentencing Guidelines.  After hearing from your

25   lawyer and from the government, I will make my own

C94WglaP

1    determination of the correct guideline range that applies in

2    your case.  But even after determining the correct guideline

3    range, I need not sentence you within the guideline range.  The

4    guidelines are advisory, and they are not binding on the Court.

5    They are one of the factors to be taken into account under the

6    sentencing statute, which is known as Section 3553(a).

7              Do you understand all that, Mr. Glanz?

8              DEFENDANT L. GLANZ:  Yes.

9              DEFENDANT M. GLANZ:  Yes.

10             THE COURT:  Leib Glanz, has anyone threatened you or

11   forced you in any way to either enter into a plea agreement or

12   to plead guilty?

13             DEFENDANT L. GLANZ:  No.

14             THE COURT:  I take it, however, there has been a plea

15   agreement between you and the government.  Is that correct?

16             DEFENDANT L. GLANZ:  Yes.

17             THE COURT:  Let me place before you what appears to

18   be -- actually, I don't think I have a signed plea agreement in

19   the case of either defendant.  I have photocopies.

20             MR. ANDERSON:  I can hand up both signed plea

21   agreements, your Honor.

22             THE COURT:  Yes.  Hand them up to the clerk.

23             Mr. Leib Glanz, is that your plea agreement with the

24   government?  It's on a Department of Justice letterhead.  It

25   appears to be five pages in length and bears the date of August

C94WglaP

1    29 on the front page and is addressed to Mr. Vinegrad.

2         DEFENDANT L. GLANZ:  Yes.

3         THE COURT:  Is that your signature on the last page?

4         DEFENDANT L. GLANZ:  Yes, your Honor.

5         THE COURT:  Did you read it before you signed it?

6         DEFENDANT L. GLANZ:  Yes, your Honor.

7         THE COURT:  Did you discuss it with your lawyer before

8    you signed it?

9         DEFENDANT L. GLANZ:  Yes, your Honor.

10        THE COURT:  Did you understand it before you signed

11   it?

12        DEFENDANT L. GLANZ:  Yes, your Honor.

13        THE COURT:  Does it contain all of your understandings

14   with the government?

15        DEFENDANT L. GLANZ:  Yes, your Honor.

16        THE COURT:  Has anyone made any promises or given you

17   any inducements to plead guilty that are not set forth in your

18   plea agreement?

19        DEFENDANT L. GLANZ:  No, your Honor.

20        THE COURT:  Mr. Menashe Glanz, has anyone threatened

21   you or forced you in any way to enter into a plea agreement or

22   to plead guilty?

23        DEFENDANT M. GLANZ:  No.

24        THE COURT:  Has there in fact been a plea agreement

25   between you and the government?

C94WglaP

1          DEFENDANT M. GLANZ:  Yes.

2          THE COURT:  Let me place before you what appears to be

3     the signed plea agreement, which is six pages in length, on the

4     Department of Justice letterhead, dated August 29, addressed to

5     Mr. Stillman and Ms. Pierce.

6          Is that your plea agreement?

7          DEFENDANT M. GLANZ:  Yes.

8          THE COURT:  Is that your signature on the last page?

9          DEFENDANT M. GLANZ:  Yes.

10          THE COURT:  Did you read it before you signed it?

11          DEFENDANT M. GLANZ:  Yes.

12          THE COURT:  Did you discuss it with your lawyer before

13     you signed it?

14          DEFENDANT M. GLANZ:  Yes.

15          THE COURT:  Did you understand it before you signed

16     it?

17          DEFENDANT M. GLANZ:  Yes.

18          THE COURT:  Does it contain all of your understandings

19     with the government?

20          DEFENDANT M. GLANZ:  Yes.

21          THE COURT:  Has anyone made any promises or given you

22     any inducements to plead guilty that are not in your plea

23     agreement?

24          DEFENDANT M. GLANZ:  No.

25          THE COURT:  Thank you.

1     I want both defendants to know that any prediction,

2 calculation, or estimate that anyone has made to you as to what

3 sentence the Court might give you is not binding on the Court,

4 and if it turns out to be wrong, you will not be permitted to

5 withdraw your guilty plea.

6     Do you understand that?

7     DEFENDANT L. GLANZ:  Yes.

8     DEFENDANT M. GLANZ:  Yes.

9     THE COURT:  One of the features of your plea

10 agreements is that each of you and the government have agreed

11 on what you have called in your plea agreement a stipulated

12 guideline range.  In the case of Leib Glanz, it's zero to six

13 months' imprisonment and a fine between a thousand and $10,000.

14     Is that correct, Mr. Leib Glanz?

15     DEFENDANT L. GLANZ:  Yes.

16     THE COURT:  And in the case of Mr. Menashe Glanz, the

17 stipulated guideline range is 12 to 18 months and a fine of

18 3,000 to 30,000.

19     Is that correct, Mr. Menashe Glanz?

20     DEFENDANT M. GLANZ:  Yes, your Honor.

21     THE COURT:  That agreement, in the case of both plea

22 agreements, is binding on you and it's binding on the

23 government, but it's not binding on the Court.  I have my own

24 duty to determine the correct guideline range.  If I determine

25 the proper guideline range is higher than the one you agreed to

C94WglaP

 1    with the government, you will not be permitted to withdraw your

 2    guilty plea.

 3                Do you understand all that?

 4                DEFENDANT L. GLANZ:  Yes.

 5                DEFENDANT M. GLANZ:  Yes.

 6                THE COURT:  Once the guideline range is determined, it

 7    will be only one of the factors I consider in determining your

 8    sentence.  One of the features of your plea agreement with the

 9    government is that if I should sentence you within the

10    stipulated guideline range or above that range, the government

11    has agreed not to appeal.  But each of you have also agreed

12    that if I sentence you either within the stipulated guideline

13    range set forth in the plea agreement or if I sentence you

14    below that range, then you agree that such a sentence is

15    reasonable and you will not appeal or collaterally attack the

16    sentence.  You have waived your right to appeal or collaterally

17    attack a sentence unless the sentence I impose is above the

18    stipulated guideline range, and in that event, the law will

19    only allow you to challenge the sentence on the grounds that it

20    is unreasonable or contrary to law.

21                Do you understand all of that?

22                DEFENDANT L. GLANZ:  Yes, your Honor.

23                DEFENDANT M. GLANZ:  Yes, your Honor.

24                THE COURT:  Let me hear from Mr. Anderson.  What are

25    the elements of the crime?  Let's begin with Leib Glanz.  And

1  what, in summary, would be the government's proof if the case

2  proceeded to trial?

3       MR. ANDERSON:  Yes, your Honor.

4       With respect to Mr. Leib Glanz, there are three

5  elements of a violation of 18 U.S.C. 1012, which is making a

6  false statement to HUD.  The first is that the defendant made a

7  false statement or report; that the statement was made to or

8  for the Department of Housing and Urban Development, and the

9  statement was made with the intent to defraud.

10      The government's principal proof with respect to Leib

11  Glanz is that while residing at 85 Ross Street and working at

12  UTA, he submitted documents to HUD --

13      THE COURT:  U-T?

14      MR. ANDERSON:  A, the United Talmudical Academy.

15      THE COURT:  All right.

16      MR. ANDERSON:  Which was the landlord for the property

17  of 85 Ross Street, he was working on behalf of UTA while living

18  at the property.  He submitted paperwork to HUD in support of

19  Section 8 housing benefits that purported to show his brother

20  as the resident of 85 Ross Street, and that was false when

21  submitted.

22      THE COURT:  All right.

23      MR. ANDERSON:  Now, with respect to Menashe Glanz.

24      THE COURT:  We're not there yet.

25      What, in summary, would be your evidence on that?

C94WglaP

1        MR. ANDERSON:  The submission of the paperwork.

2        THE COURT:  All right.

3        MR. ANDERSON:  Which bears the defendant's signature,

4   records from HUD showing that funding was disbursed pursuant to

5   the authorization, and documents showing that he in fact

6   resided at 85 Ross Street, which was the subsidized apartment

7   that his brother allegedly lived in.

8        THE COURT:  Mr. Leib Glanz, please tell me in your own

9   words what you did that leads you to believe that you are

10  guilty of the crime charged in the superseding information.

11       DEFENDANT L. GLANZ:  From 1996 to 2000, I was the

12  executive director of the United Talmudical Academy in

13  Brooklyn, which was known as UTA.  In that capacity, and during

14  that time, I signed three contracts with the New York City

15  Housing Authority which administered the Section 8 housing

16  assistance program on behalf of the United States Department of

17  Housing and Urban Development.  The contract stated that

18  Section 8 payments would be made to UTA on the basis that my

19  brother, Menashe, and his family were tenants of an apartment

20  located at 85 Ross Street, Brooklyn, New York, which was owned

21  by UTA.  That statement was false, and I knew it was false

22  because my brother and his family were not the tenants of that

23  apartment.  When I signed the contract, I knew that what I was

24  doing was wrong.

25       THE COURT:  All right.  Did you make the false

1 statement?

2          DEFENDANT L. GLANZ:  I signed.

3          THE COURT:  All right.  I understand you signed, but

4 I'm asking did you adopt that false statement as your own?

5          DEFENDANT L. GLANZ:  Yes.

6          THE COURT:  And you knew it was false when you made

7 it?

8          DEFENDANT L. GLANZ:  Yes.

9          THE COURT:  Let me hear from the government.  First of

10 all, does the government agree there is a sufficient factual

11 predicate for a plea as to Leib Glanz?

12          MR. ANDERSON:  I do, your Honor, and with respect to

13 the issue of venue, the reports were reviewed here in Manhattan

14 even though the property is in Brooklyn.

15          THE COURT:  Mr. Vinegrad, is there any challenge to

16 venue in this case?

17          MR. VINEGRAD:  No, your Honor.

18          THE COURT:  With regard to Mr. Menashe Glanz, what are

19 the elements of the crime and what, in summary, would be the

20 government's proof?

21          MR. ANDERSON:  Your Honor, there are four elements of

22 a violation of Section 641.  First is that the money or

23 property described in the indictment belonged to the United

24 States Government; second, that the defendant stole or

25 embezzled or knowingly converted that property; third, that the

C94WglaP

1  defendant acted knowingly and willfully with the intent to

2  deprive the government of the use and benefit of its property;

3  and, fourth, that the value of the property was greater than

4  $1,000.

5       Your Honor, the government's proof here is pretty much

6  the other side of the government's proof against Leib Glanz,

7  which is that his brother submitted, year after year,

8  affidavits and other --

9       THE COURT:  When you say his brother, by name.

10      MR. ANDERSON:  That Menashe Glanz submitted to HUD,

11 the Housing and Urban Development agency, year after year,

12 applications indicating that he resided at 85 Ross Street and

13 that his income level was low enough so that he would qualify

14 for Section 8 housing subsidies, and those housing subsidies

15 were issued year after year in connection with Menashe Glanz's

16 application.

17      THE COURT:  So the housing subsidies were paid on his

18 behalf to the landlord?  Is that what it was?

19      MR. ANDERSON:  That's correct, your Honor.

20      THE COURT:  All right.  Is the government's contention

21 here that Mr. Menashe Glanz used the apartment, had the benefit

22 of the apartment?

23      MR. ANDERSON:  That's not what the government is

24 alleging here.  The government alleges that Menashe Glanz

25 benefitted from this arrangement, but the details of that

C94WglaP

1    benefit would have to come from the defense.

2           THE COURT:  All right.  Let me hear from Menashe Glanz

3    as to what facts lead him to believe that he's guilty of the

4    crime charged in count two of the indictment.

5           DEFENDANT M. GLANZ:  Your Honor, at multiple times

6    during the time period of the indictment, I signed forms which

7    make false statements, such as where my family was living, in

8    order to get the Department of Housing and Urban Development to

9    provide Section 8 benefits for my family to which we were not

10   entitled.  I knew that I was, what I was doing was wrong and

11   unlawful.  I am sorry.

12          THE COURT:  Let me ask you.  When you say you signed

13   statements, did you adopt those statements as your own?  Did

14   you make those statements?

15          DEFENDANT M. GLANZ:  Yes.

16          THE COURT:  All right.  Were they false when you made

17   them?

18          DEFENDANT M. GLANZ:  Yes.

19          THE COURT:  And did you know they were false?

20          DEFENDANT M. GLANZ:  Yes.

21          THE COURT:  Were you living in this apartment?

22          DEFENDANT M. GLANZ:  No.

23          THE COURT:  Who was living in the apartment?

24          DEFENDANT M. GLANZ:  My brother.

25          THE COURT:  Your brother was living in the apartment?

C94WglaP

1  Which brother?

2          DEFENDANT M. GLANZ:  Leib.

3          THE COURT:  All right.  And what did you tell the

4  government?

5          DEFENDANT M. GLANZ:  I'm living there.

6          THE COURT:  You told the government that you were

7  living there?

8          DEFENDANT M. GLANZ:  Yes.  Yes.

9          THE COURT:  Did you tell the truth as to how much

10  money you were earning?

11          DEFENDANT M. GLANZ:  Yes.

12          THE COURT:  Did you know what you were doing was

13  unlawful?

14          DEFENDANT M. GLANZ:  Yes.

15          THE COURT:  Does the government agree there is a

16  sufficient factual predicate for a plea of guilty?

17          MR. ANDERSON:  Yes, your Honor.  The government

18  proffers that the subsidies were over a thousand dollars, and I

19  don't think the defense contests that.

20          THE COURT:  Any dispute that the subsidies were over a

21  thousand dollars?

22          MS. PIERCE:  I'm sorry, your Honor?

23          THE COURT:  Any dispute that the amount of the

24  subsidies were over a thousand dollars, Mr. Menashe Glanz?

25          DEFENDANT M. GLANZ:  No.

C94WglaP

1          THE COURT:  Okay.  What's the proffer on venue?

2          MR. ANDERSON:  Your Honor, it's the same as with

3    respect to Leib Glanz, that the applications were reviewed here

4    in New York, in Manhattan, by the New York City Housing

5    Authority.

6          THE COURT:  Any dispute as to venue?

7          MS. PIERCE:  No, your Honor.

8          THE COURT:  Mr. Vinegrad, do you agree there is a

9    sufficient factual predicate for a plea of guilty by your

10   client?

11         MR. VINEGRAD:  I do.

12         THE COURT:  Are you aware of any valid defense that

13   would likely prevail at trial or any other reason why your

14   client should not be permitted to plead guilty?

15         MR. VINEGRAD:  No, your Honor.

16         THE COURT:  Ms. Pierce, do you agree there is a

17   sufficient factual predicate?

18         MS. PIERCE:  Yes, I do, your Honor.

19         THE COURT:  Are you aware of any valid defense that

20   would likely prevail at trial or any other reason why your

21   client should not be permitted to plead guilty?

22         MS. PIERCE:  I am not, your Honor.

23         THE COURT:  All right.  Mr. Leib Glanz, do you have

24   any questions for me?

25         DEFENDANT L. GLANZ:  No, your Honor.

C94WglaP

| | |
|---|---|
| 1 | THE COURT:  Mr. Menashe Glanz, do you have any |
| 2 | questions for me? |
| 3 | DEFENDANT M. GLANZ:  No, your Honor. |
| 4 | THE COURT:  Mr. Leib Glanz, how do you plead to the |
| 5 | single count of the misdemeanor information, count one; guilty |
| 6 | or not guilty? |
| 7 | DEFENDANT L. GLANZ:  Guilty. |
| 8 | THE COURT:  Mr. Menashe Glanz, how do you plead to |
| 9 | count two of the indictment; guilty or not guilty? |
| 10 | DEFENDANT M. GLANZ:  Guilty. |
| 11 | THE COURT:  With regard to the forfeiture allegations |
| 12 | in paragraphs five and six, do you admit those allegations or |
| 13 | do you deny those allegations? |
| 14 | DEFENDANT M. GLANZ:  Yes. |
| 15 | THE COURT:  Well, do you admit them or do you deny |
| 16 | them? |
| 17 | DEFENDANT M. GLANZ:  Admit. |
| 18 | THE COURT:  I'm sorry? |
| 19 | DEFENDANT M. GLANZ:  Admit. |
| 20 | THE COURT:  You admit those allegations.  All right. |
| 21 | Based upon your responses to my questions, my |
| 22 | observations of your demeanor in the case of Leib Glanz and |
| 23 | also Menashe Glanz, I find that you know your rights, you know |
| 24 | the consequences of pleading guilty., there is a factual basis |
| 25 | for a plea of guilty, your plea of guilty is accepted.  I find |

1    that your plea agreements were knowingly and voluntarily

2    entered into, and the admission to forfeiture is also accepted

3    in the case of Menashe Glanz.

4              I will order a presentence investigation and report in

5    each of your cases, and I will direct that no interview of you

6    take place unless your lawyers are present.  It's important

7    that you be candid, truthful, and honest with the people who

8    prepare the presentence report.  Tell them the good things and

9    even the not so good things because the report will be

10   important in my addition on sentencing.

11             Sentencing in this case will be set for, in the case

12   of Leib Glanz, Friday, January 25, at 10:30 a.m., and in the

13   case of Menashe Glanz, January 25, at 11:15 a.m.

14             Let me hear from the government with regard to a

15   continuation of bail.

16             MR. ANDERSON:  Your Honor, the government does not

17   request any modification to the bail conditions in this case.

18             THE COURT:  All right.  You must be in this courtroom

19   on the date of sentencing or any adjourned date of that

20   sentencing or you will be guilty of a separate crime,

21   bail-jumping, and subject to up to five years in prison and up

22   to $250,000 fine in addition to the penalties for the crime to

23   which you've each entered a plea of guilty.

24             Do you understand, Leib Glanz?

25             DEFENDANT L. GLANZ:  Yes, your Honor.

C94WglaP

1           THE COURT:  Do you understand, Menashe Glanz?

2           DEFENDANT M. GLANZ:  Yes, your Honor.

3           THE COURT:  Let me hear from the government.  Is there

4    a proposed consent order of forfeiture you're going to hand up?

5           MR. ANDERSON:  Yes, your Honor.  It's attached as

6    Exhibit A to the plea agreement for Menashe Glanz.

7           THE COURT:  All right.  It's an unsigned consent

8    order.  The copy of the plea agreement I have here, which is a

9    signed copy of the plea agreement, has an Exhibit A with an

10   unsigned consent order form.

11          MR. ANDERSON:  The parties could execute it now and

12   hand it up to the Court.

13          THE COURT:  Why don't you do that right now and we can

14   get that out of the way.

15          MS. PIERCE:  Your Honor, would the order be entered

16   now or will it be entered at this time of sentencing?

17          THE COURT:  That's what I'm going to find out.  Let me

18   hear from the government.

19          MR. ANDERSON:  Your Honor, the order usually is

20   entered at the time of sentencing.

21          THE COURT:  This is why I'm trying to find out.  So

22   there's no need to do anything right now?

23          MR. ANDERSON:  Whatever the preference of the Court

24   is.  It's going to be the same order four months from now.  If

25   the Court wanted it signed now, we could do it now.

C94WglaP

1          THE COURT:  It's not a question of signing.  I'm

2     either going to have it signed and filed now or I'm doing

3     nothing now and you can do this on your own time.  All right?

4     Any which way.

5          MS. PIERCE:  I would request that it await the time of

6     sentencing, your Honor.

7          THE COURT:  That's fine.  That's what we'll do.

8          Anything further from the government?

9          MR. ANDERSON:  No, your Honor.

10          THE COURT:  Mr. Vinegrad, anything further from you?

11          MR. VINEGRAD:  No, your Honor.

12          THE COURT:  Ms. Pierce?

13          MS. PIERCE:  No, your Honor.

14          THE COURT:  Thank you, all.

15          (Proceedings adjourned)

16

17

18

19

20

21

22

23

24

25